



YAHYA FARAA PRO SE
SLIM DELI CORP
114-21 Jamaica Avenue
Richmond Hill, New York 11418

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
ROMUALDO ALVAREZ, individually and on
behalf of others similarly situated,
      Plaintiffs,

Against

SLIM DELI CORP., (d/b/a SLIM DELI CORP) et al
AND YAHYA FARRA,
      Defendants.
_____X

Civil Action No. 21cv2550
ANSWER AND COUNTERCLAIMS

The Defendant appears Pro Se in this action due to having an inability to engage Counsel but desirous of submitting a Response.

1. The Defendant denies, in whole or in part, the allegations contained in Paragraphs 5 through 14, 17, 23, 26, 27, 28, 30, 31, and items 33 through 94.

2. The Defendant has insufficient information to submit a complete Response as to Paragraphs 16, 18, 21, and 24 of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

3. The claims exceed the Statute of Limitations for the most part of any claims stemming from **2013 through 2017** with respect to the Federal claims.

4. That the Plaintiff and its attorneys, who are multiple filers of the very same type cases, know that the Federal Law has a limited Statute of Limitations and thus, the case as to this time frame has been exceeded in the Federal case.

5. Thus, any claim for this time period is improper.

**AS AND FOR A SECOND DEFENSE AS TO THE CLAIM FOR JULY 2019 THROUGH FEBRUARY 19, 2020:**

6. The Plaintiff did not work for the Defendant at this time. He came to the store, and since he had no social security number, he was not hired. IF he came to the store to play video games with my son or to see his girlfriend that worked next door, that is not employment.

7. I took his information and went to my insurance agent whom, informed me I cannot hire the Plaintiff as to do so was not legal.

8. In addition, since my business is a very small store with family workers, I did not need him as my son did not go to Yemen as intended. Any claim of work at this location is perjurious.

9. I notice that, at or about the same time, other cases are commenced by the very same Firm against other employers in the area. It may be that the Firm or the Plaintiff has submitted incorrect information to take advantage of small businesses to extort money with any created set of facts that cannot be substantiated.

10. Attached as **Exhibit 'A'** is a copy of the information that I attained in July 2019 when I did not hire the Plaintiff as he had no social security number.

11. I also include a copy of the article in connection with this Law Firm that files numerous cases with factual inconsistencies. (See **EXHIBIT 'B'** - New York Post article re: bad faith filings).

12. Since the Plaintiff does not completely understand English in written form, I do not view any interpretation, so I do not know if the Plaintiff knew what he signed.

13. I would be surprised if the Plaintiff would actually perjure himself when he testifies under oath in this case as actual work he did from July 2019 through February 2020.

14. In addition, the prior work is also overstated although barred by the Statute of Limitations in Federal Court, as at the time, the Plaintiff did not work for this Defendant for the time alleged except for a limited time wherein he was paid in full.

15. Texting between the parties will show that at no time was there a claim for money due between the parties.

16. In addition, the money paid to the Plaintiff is incorrect as to the earlier time which was precluded by the Statute of Limitations.

17. All in all, this Plaintiff is suing various employers likely by the urging of a Law Firm who seeks money and creates facts for the non-English reading clients in order to extort money from small businesses.

18. Herein we seek testimony from the Plaintiff under oath to sort out the truth.

**AS AND FOR A THIRD AFFIRMAITVE DEFENSE:**

19. That the Plaintiff <u>did not work</u> in the period of 2019 through 2020 at this location thus, all claims as to breaks, payment, etc. is denied and will be tested by testimony.

20. As to the prior occasion in 2015 et al, the Defendant (while engaged under a different ownership) employed the Defendant for a limited period of time. Since the place is a family business and very small shop it appears the plaintiff is confused with the many other jobs he had at that time as he certainly was not working at the store throughout this time.

21. While he visited the store over the years and played video games and saw his girlfriend nearby, that is not work.

22. He may have worked for a limited time in 2016 when a family member was away but the Plaintiff was fully paid and never complained and attempted to come back to work in 2019.

23. At that time, he was not needed and was not employed. It would be better if he found another victim to exploit where he may have worked at that time instead of filing a false claim which could lead to issues for the Plaintiff in the event, he does not withdraw this case.

24. While the Defendant is likely not to be in business too long due to Covid and Lease issues, the very indignity by being sued by a friend of the store via an attorney hungry for money is an insult.

**AS TO THE FOURTH AFFIRMATIVE DEFENSE:**

25. That to the extent any records are found or ascertained by the Defendant, they will reflect proper payment of all payments consistent with the lack of complaints always manifested by communication between the parties.

**AS TO THE FIFTH AFFIRMATIVE DEFENSE:**

26. That the Plaintiff, if anything, was a part-time employee for a limited period of time that worked the hours he desired as he had other jobs at the time in 2016.

27. Stopping by the shop, playing video games, and visiting his girlfriend nearby does not constitute work at the place.

28. While we were shocked that a friend of the store would actually sue us simply because we could not hire him in 2019 that does not mean we did that for any other reason other than the Plaintiff did not have a social security number. We sought advice from the agent and was told absent a number we could not hire him at the shop.

29. If he was hired in 2016 for a limited period of time that was a different time, and the concerns were different.

30. The Defendant ought not be targeted due to created facts as it relates to recent employment for a few months.

## AS AND FOR A COUNTERCLAIM FOR ABUSE OF PROCESS:

31. It appears that the PLAINTIFF is a party along with Counsel that sues many employers, real or imagined. At or about the same time period under another case entitled Romualdo Alvarez -v- Guru Krupu et al (19-ev 05188) it appears the Plaintiff sued another party for the same or similar relief.

32. Accordingly, it appears that the Plaintiff commences multiple actions as an alleged victim wherein he sues along with the same attorney, various parties who are small businesses in order to extract money.

33. Surely the law was not set up to reward parties seeking to victimize Defendants wherein the Plaintiff, like a shark in the water, seeks to victimize parties by seeking part time, or occasional work only to victimize such parties via a Law Firm who sets parties up to extract cash. At all times the Plaintiff knew what he was engaging in to make claims, via demanding cash and limited work before hitting another target.

34. Such a party is not a victim but a victimizer and is not an innocent unpaid party who has no knowledge of the law, but instead, along with his attorney, is a snake in the grass seeking to victimize family businesses inducing them into paying cash for a limited period of time only to create false records and facts at a later period of time posing as an innocent victim.

35. Thus, this creation, hypothecation, and fabrication of facts and elements constitute action that one would lead to a class action against the Plaintiff and Counsel as to other cases where material elements were fabricated solely to extract money.

36. In the event the Court ascertains the truth that the material facts, including recent employment, was fabricated, it cannot be said it was an honest mistake.

37. The Court must sanction the Plaintiff and Counsel for creating a false case based on the history and record of this and other cases.

WHEREFORE the Defendant seeks dismissal of this case and the granting of any consideration for the counterclaim.

                                                  Yahya Farra/Slim Deli Corp.,

                                                  Pro se

                                                  114-21 Jamaica Avenue

                                                  Richmond Hill, New York 11418

X _____

# BLR AGENCY INC

# 7804 17TH AVE

# BROOKLYN NY 11214

06/25/2021

RE:   SLIM DELI CORP
      11421 Jamaica Ave
      Richmond Hill, NY 11418

To Whom it May Concern:

The president of SLIM DELI CORP, Mr. YAHYA M FARAA, came to my office asking what was needed to add an employee to payroll. I advised Mr. Faraa that he needed a copy of ID, copy of social security card/ITIN letter along with form W4, he asked me to speak to Mr. Romualdo Alvarez Quizar in Spanish letting him know what was needed. Mr. Faraa gave me a copy of Romualdo Alvarez Quizar's ID and I advised him that when I send out the payroll taxes I have to include the social security number.  When it was time to submit the payroll taxes, I asked Mr. Faraa for the employees for the quarter and if he got a copy of the social security card from Romualdo Alvarez Quizar and he said that Mr. Alvarez Quizar was working elsewhere since he was not providing the documentation required.  Mr Yahya M Faraa stated he was keeping the payroll as he had it with 3 employees.

Thank you in advance

Sincerely

*[signature]*

GRIZEL RODRIGUEZ
President

Exhibit A 1 of 1

METRO

# Hundreds of NYC delis and restaurants hit with lawsuits

By Melissa Klein                                                              April 3, 2021 | 6:24pm | Updated



Prince Deli on 5th Avenue.
J.C.Rice

A Manhattan law firm that's been hammering New York City restaurants and delis with wage-violation suits allegedly served up fudged work records to win money for its clients, court filings claim.

In one case, Michael Faillace & Associates filed a complaint for deli grill man Luis Antonio Ortiz, alleging the worker had been stiffed on pay while logging 84 hours a week at the Prince Deli in Harlem in 2017 and 2018.

But Ortiz also claimed he worked 84 hours per week during some of the same period at a Brooklyn deli, according to court papers, a claim that led to Ortiz winning a default judgment.

A lawyer for the Prince Deli has asked US District Judge Edgardo Ramos for sanctions against the Faillace firm, complaining of a "bad faith filing" involving Ortiz.

"Our client has a meritorious defense and we hope that this case can be resolved quickly," said the lawyer, Joshua Levin-Epstein.

Exhibit B page 1 of 2

Another scheme was alleged at Tribeca Bagels, where a former employee, also represented by Faillace, lied about his work record there, inflating how long he was on the job to win a judgment, US District Judge Katherine Polk Failla found in 2018.

The worker created a "timeline out of whole cloth," the judge stated.

"Whatever defects in recollection one might attribute to the passage of time, there is plainly a difference between four and one-half weeks and eight months," she wrote.



Polk Failla then ordered the worker to forfeit the judgment and said the bagel shop's owners and lawyers were entitled to get their costs reimbursed

**SEE ALSO**
Lawsuit claims Amazon cheating workers out of 30-minute lunch breaks

The Faillace firm also filed two complaints on behalf of someone who worked overlapping hours for two different pizzerias at two separate locations during the same six-month period, legal papers say.

It ended up having to pay the defendants' legal fees.

Faillace blamed his clients.

"They mistakenly tell us the wrong stuff and we need to be just more careful," he said. "We do check, but sometimes people miss the boat."

He noted his firm, which advertises heavily, "gets hundreds of cases a year."

The firm for years has swamped federal court with suits under the Fair Labor Standards Act.

Their filings didn't slow during the pandemic, as Faillace lodged more than 30 wage suits since Jan. 4 alone in US District Court in Manhattan.

FILED UNDER   LAWSUITS, NEW YORK CITY, RESTAURANTS, 4/3/21

*Exhibit B page 2 of 2*