## **SETTLEMENT AGREEMENT & RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered as of February  , 2022 among Plaintiff Romualdo Alvarez ("Plaintiff"), and defendants Yahya Faraa ("Individual Defendant") and Slim Deli Corp. and together with Plaintiffs, "Parties").

**WHEREAS**, there is presently pending an action in the United States District Court, Eastern of New York, captioned <u>Alvarez v. Slim Deli Corp. et al,</u> Case No. 21-cv-02550

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff did not seek to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS,** the Parties have determined it to be in their mutual interests to settle the Action; and

**NOW THEREFORE**, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. Defendants shall simultaneously deliver two checks to Plaintiff's counsel: one in the amount of $500.00 and made out to **Romualdo Alvarez,** the second in the amount of $250.00 and made out the **CSM Legal, P.C.,** no later than thirty (30) days following court approval.

>   a.   in full and complete settlement of any and all claims by Plaintiff, his agents, successor, assigns against Defendants, their agents, successors, and assigns, arising from or concerning any cause of action arising from or related to any matter which took place prior to the date of this agreement and (a) Plaintiff agrees to release, hold harmless and indemnify Defendants from any claim whatsoever arising from their breach of this release including but not limited to any claims with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services. This indemnification includes that (b) Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility.  Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of

that action, and/or the defense of their successors and assigns.(c) If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

**2.**     Upon approval by the court of this agreement**,**  Plaintiffs, individually on behalf of their children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and releases Slim Deli Corp, its agents, employees, officers, directors, heirs, executors, administrators, attorneys, successors and assigns and Yahya Faraa in his individual and corporate capacity, and his heirs, executors, administrators, attorneys, successors and assigns; (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising under the Fair Labor Standards Act or the New York Labor Law arising from Defendant's compensation of Plaintiff during their respective employment with any Defendant, including but not limited to the release of any claims whatsoever from the beginning of time to the date of this agreement, including but not limited to, for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq*., and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever.  This release does not include a release of any rights Plaintiff may have under this Agreement.

**3.**     **Discontinuance of Claims.**  This Agreement extinguishes all claims Plaintiff asserted against Defendants in the Action. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney.

**4.**     **Attorneys' Fees in Suit.**  If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees, including

reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same.

     **5.**    **Denial of Wrongdoing.**  Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees.  Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ.  The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

     **6.**    **Notices.**  Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided in a manner which has confirmation of delivery, plus a courtesy email, to the following:

    a.    If to Defendants:
          Yahya Faraa
          11419 Jamaica Ave
          Queens, NY 11418

          Slim Deli Corp.
          11419 Jamaica Ave
          Queens, NY 11418

    b.    If to Plaintiffs:
          Clela A. Errington, Esq.
          CSM Legal, P.C.
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          clela@csm-legal.com

**PLAINTIFFS**

**ROMUALDO ALVAREZ**

_____

Dated:

**DEFENDANTS**

**YAHYA FARAA**

_____

Dated:

**SLIM DELI CORP**

**BY:**

_____

Dated:

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMUALDO ALVAREZ, *individually and on behalf of others similarly situated,*<br><br>       *Plaintiff*,<br><br>  -against-<br><br>SLIM DELI CORP. and YAHYA FARAA ,<br><br>       Defendants. | 21-CV-2550 |

**STIPULATION OF DISCONTINUANCE WITH PREJUDICE**

Upon the joint application of all parties to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**HEREBY ORDERED AS FOLLOWS**:

  1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

  2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims; and

  3. This action, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice as against all of the Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

EXHIBIT A

4.    The Court shall retain jurisdiction over this matter to enforce the terms of the parties' settlement agreement, if necessary.

Dated: New York, New York
_____ 2022

| | |
|---|---|
| Clela A. Errington, Esq.<br>CSM Legal, P.C.<br>60 East 42nd Street, Suite 4510<br>New York, NY 10165<br>*Attorney for Plaintiffs* | Yahya Faraa, individually and on behalf of Slim Deli Corp.<br>11419 Jamaica Ave<br>Queens, NY 11418 |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE